UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDDIE HAKIM, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br><br>AMERICAN CORADIUS INC. (ACI) and JOHN DOES 1-25,<br><br>　　　　　　　　Defendants. | Civil Case Number: 14-5704<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

　　　　Plaintiff EDDIE HAKIM (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Marcus Law, LLC, against Defendant AMERICAN CORADIUS INC. ("ACI") (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located at 2420 Sweet Home Road, Suite 150, Amherst, New York 14228-2244.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - All New York consumers who were sent collection letters and/or notice from Defendant attempting to collect an obligation owed to or allegedly owed to

> PayPal Inc., that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.
>
> - The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:
        a. Whether Defendant violated various provisions of the FDCPA;
        b. Whether Plaintiff and the Class have been injured by Defendant's conduct;
        c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to July 7, 2014, an obligation was allegedly incurred to PayPal, Inc.

16. The PayPal, Inc. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged PayPal, Inc. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. PayPal, Inc. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the PayPal, Inc. debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

21. PayPal, Inc. directly or through an intermediary contracted Defendant to collect the alleged debt.

22. On or about July 7, 2014, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged debt. *See* **Exhibit A.**

23. The July 7, 2014 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

5

24. The July 7, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

25. The July 7, 2014 letter stated in part;

> "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater….."

26. Upon information and belief, the Defendant will not increase the Plaintiff's account due to fees, late charges or other charges.

27. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

28. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

31. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

32. The Defendant violated 1692e by falsely suggesting that immediate payment of their balance would benefit them financially by stating that the amount *may* change due to interest or other charges that *may* be added after the date of the letter. As the amount Defendant seeks to collect *never* varies from the date of issuance, and Defendant *never* makes an adjustment after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Pursuant to 15 USC §1692g, a debt collector:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
    (1) The amount of the debt;
    (2) The name of the creditor to whom the debt is owed;
    (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
    (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be

> mailed to the consumer by the debt collector; and
> (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. The Defendant further violated 1692g by failing to accurately state the balance of the debt by stating that the outstanding balance may increase. Therefore, leaving the least sophisticated consumer to reasonably conclude that he must pay the balance stated in the letter immediately or possibly owe a larger amount, causing the consumer to be uncertain of his rights.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 29, 2014

>                             */s/ Ari Marcus*
>                             Ari Marcus, Esq.
>                             MARCUS LAW, LLC
>                             1500 Allaire Avenue, Suite 101
>                             Ocean, New Jersey 07712
>                             (732) 660-8169 telephone
>                             (732) 298-6256 facsimile
>                             Ari@MarcusLawnj.com
>                             *Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>                             */s/ Ari Marcus*
>                             Ari Marcus, Esq.

Dated:  September 29, 2014

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 29, 2014

>                             */s/ Ari Marcus*
>                             Ari Marcus, Esq.

9